IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **D'ANGELO & EURELL**<br>c/o David S. D'Angelo<br>and Christopher S. D'Angelo, Co-Executors of the<br>Estate of George A. D'Angelo, Deceased<br>212 Rose Lane, Haverford, PA 19041<br><br>**DAVID S. D'ANGELO**<br>133 West First Avenue<br>Conshohocken, PA, 19427,<br><br>and<br><br>**DAVID S. D'ANGELO AND CHRISTOPHER S. D'ANGELO, CO-EXECUTORS OF THE ESTATE OF GEORGE A. D'ANGELO, DECEASED, FOR HIMSELF AND TRADING AS D'ANGELO & EURELL,**<br>212 Rose Lane<br>Haverford, PA 19041<br><br>**Plaintiffs**<br><br>v.<br><br>**DARWIN NATIONAL ASSURANCE COMPANY**<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>and<br><br>**ALLIED WORLD SPECIALITY INSURANCE COMPANY**<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>**Defendants** | **Civil Action No.: 2:23-cv-00397** |

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. No. 12(b)(6), Defendant, Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Defendant" or "Allied World"), by its attorneys Kennedys CMK, LLP, moves this court to dismiss Counts I and II of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6), and in support thereof, states as follows:

1. On or about October 25, 2018, Plaintiffs commenced a civil action by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed at October 2018, No. 003853. (Doc. 1, Exhibit "1".)

2. Although the action names both "Darwin National Assurance Company" and "Allied World Specialty Insurance Company" as Defendants, Allied World Specialty Insurance Company is actually the sole defendant in this case because "Darwin National Assurance Company" is the name by which Allied World Specialty Insurance Company formerly was known.

3. A Complaint was filed on January 6, 2023. (Doc. 1, Exhibit "2".)

4. On January 31, 2023, Allied World removed the action to the United States District Court for the Eastern District of Pennsylvania. (Doc. 1.)

5. This case arises out of a claim for defense and indemnity presented by Plaintiffs to Allied World in connection with an underlying claim, and subsequent lawsuit, for legal malpractice instituted against Plaintiffs by Lisa A. Markley ("Markley") (the "Markley Action"). (Doc. 1, Exhibit "2", ¶ 1.)

6. Plaintiffs' Complaint alleges that Allied World denied coverage for Markley's allegations against Plaintiffs beginning in 2013. (Doc. 1, Exhibit "2" at ¶ 17).

7. In particular, on February 11, 2013, David S. D'Angelo sent email correspondence to Allied World providing notice of the Claim for Damages made against Plaintiffs and requesting

that Allied World provide coverage and a defense for the Claim. (See February 11, 2013 Email Correspondence attached as Exhibit "A", pages 2-3.)

8. The February 11, 2013 correspondence to Allied World advised that Markley was asserting a Claim due to Plaintiffs' errors and omissions in providing legal services, including but not limited to the improper handling of Markley's assets. (*Id.*)

9. Approximately one month later, on March 13, 2013, Allied World denied coverage and issued a denial letter. (Doc. 1, Exhibit "2", ¶¶ 1, 17, 19.) (See also March 13, 2013 Denial Letter attached hereto as Exhibit "B".)

10. The March 13, 2013 Denial Letter informed Plaintiffs that "coverage [wa]s not available for the [Markley Claim] for the reasons set forth [in the letter]." (Exhibit B, page 1.)

11. The letter advised that coverage was not available because the "Claim [wa]s specifically excluded under the Policy." (Exhibit "B", Page 4.)

12. Allied World explained to Plaintiffs that, because Markley alleged that George D'Angelo took funds from her trust account, coverage was not available because Sections III(B)(2) and (10) of the Policy preclude coverage for any "**Claim** ... based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part:

> 2. any act whatsoever of an **Insured** in connection with a trust or estate when an Insured is a beneficiary or distribute of the trust or estate.
>
> 10. the loss of value of any asset in the **Insured's** care, custody or control, misappropriation, conversion, embezzlement, failure to give an accounting, or commingling of client funds.

13. Allied World provided additional grounds for its denial in the March 13, 2013 letter, including that Markley was not seeking **Damages** as that term was defined in the Policy.

14. Following the March 13, 2013 denial, Allied World issued a supplemental denial letter to Plaintiffs dated March 29, 2013. (Doc. 1, Exhibit "2", ¶ 17.) (See also March 29, 2013 Denial Letter which is attached hereto as Exhibit "C".)

15. On April 5, 2013, Markley filed a Writ of Summons in the Court of Common Pleas of Dauphin County, Pennsylvania, No. 2013-cv-3010, which was reissued on May 20, 2013. (A Copy of the Praecipe to Reissue the Writ is attached hereto as Exhibit "D".)

16. Markley's counsel sent correspondence to David D'Angelo on April 5, 2013 informing him that the Writ had been filed and that a Complaint was likely to follow. (A copy of the correspondence is attached hereto as Exhibit "E".)

17. On April 9, 2013, David D'Angelo forwarded the April 5, 2013 correspondence from Markley's counsel to Allied World. (A copy of the April 9, 2013 Email is attached hereto as Exhibit "F".)

18. Thereafter, on April 18, 2013, Allied World issued its third denial letter informing the Plaintiffs that coverage was not available for Markley's allegations. (A Copy of the April 18, 2013 Denial Letter is Attached hereto as Exhibit "G".)

19. Plaintiffs were served with the Writ on or about June 13, 2013. (See Exhibit "H", page 3.)

20. On November 11, 2014, Plaintiffs informed Allied World that Markley had filed a Complaint. (*Id.*, pages 1-2.)

21. Thereafter, on November 26, 2014 Allied World issued another denial letter and reiterated, for the fourth time in writing, that no coverage was available for Markley's allegations. (A copy of the November 26, 2014 Denial is attached hereto as Exhibit "I".)

22.     The underlying action proceeded to a jury trial in April 2021 resulting in a jury verdict that George A. D'Angelo had committed legal malpractice and that his estate was liable to Markley in the amount of $600,000. (Doc. 1, Exhibit "2", ¶ 33.)

23.     Count I of Plaintiffs' Complaint sets forth a claim for breach of contract.

24.     It is alleged that the policy issued by Allied World imposed an obligation to defend each of the Plaintiffs against the Markley Action and that Allied World breached this obligation when it denied coverage for the Markley Action. (Doc, 1, Exhibit "2", ¶¶ 38-39.)

25.     Actions for breach of contract are subject to a four-year statute of limitations. 42 Pa. C.S. §§ 5502(a), 5525(8).

26.     Section 5525(8) applies in the context of a declaratory judgment action regarding the respective rights and duties under a policy of insurance. *Selective Way Ins. Co. v. Hospitality Grp. Servs.*, 119 A.3d 1035, 1047 (Pa. Super. Ct. 2015) (*en banc*).

27.     Plaintiffs knew that Allied World had denied coverage and would not provide a defense or indemnity in connection with the Markley Action by March 13, 2013.

28.     Plaintiffs did not file a Writ until October 25, 2018, more than four years later.

29.     Therefore, Plaintiffs' claim for declaratory judgment and breach of contract are barred by the statute of limitations and Count I must be dismissed with prejudice.

30.     Count II of Plaintiffs' Complaint sets forth a claim for bad faith pursuant to 42 Pa. C.S. § 8371.

31.     It is alleged that Allied World's denial constitutes bad faith.

32.     The statute of limitations for a bad faith claim pursuant to 42 Pa. C.S. § 8371 is two years. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 224 (3d. Cir. 2005).

33. The statute of limitations begins to run when the insurer first denies coverage. *Id*. at 223-25 (*citing Adamski v. Allstate Ins. Co*., 738 A.2d 1033 (Pa. Super. Ct. 1999).

34. Allied World first denied coverage on March 13, 2013 and maintained this denial of coverage in three additional denial letters dated March 29, 2013, April 18, 2013, and November 26, 2014.

35. The two-year statute of limitations applicable to causes of action pursuant to § 8371 began to run in this matter on March 13, 2013, when Allied World first denied coverage, and expired two years later, on March 13, 2015.

36. Plaintiffs commenced this action by Writ of Summons on October 25, 2018, more than two years after Allied World's original denial of coverage on March 13, 2013 and more than two years after each subsequent denial of coverage Allied World issued to Plaintiffs.

37. Therefore, Plaintiffs' cause of action for bad faith pursuant to § 8371 is barred by the statute of limitations and must be dismissed.

**WHEREFORE**, Defendant Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company respectfully requests that its Motion to Dismiss be granted, and that Plaintiffs' Complaint be dismissed in its entirety with prejudice.

**KENNEDYS CMK LLP**

By: */s/ Sean P. Mahoney*
Sean P. Mahoney (PA Bar I.D. 90313)
Eileen M. Bradley (PA Bar I.D. 926457)
1600 Market Street | Suite 1410
Philadelphia, PA 19103
Phone: 267-479-6700
Sean.Mahoney@kennedyslaw.com
Eileen.Bradley@kennedyslaw.com

*Attorneys for Defendant*
*Allied World Specialty Insurance Company*
*f/k/a Darwin National Assurance Company*

Dated:  February 3, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **D'ANGELO & EURELL**<br>c/o David S. D'Angelo<br>and Christopher S. D'Angelo, Co-Executors of the<br>Estate of George A. D'Angelo, Deceased<br>212 Rose Lane, Haverford, PA 19041<br><br>**DAVID S. D'ANGELO**<br>133 West First Avenue<br>Conshohocken, PA, 19427,<br><br>and<br><br>**DAVID S. D'ANGELO AND CHRISTOPHER S. D'ANGELO, CO-EXECUTORS OF THE ESTATE OF GEORGE A. D'ANGELO, DECEASED, FOR HIMSELF AND TRADING AS D'ANGELO & EURELL,**<br>212 Rose Lane<br>Haverford, PA 19041 | Civil Action No.: 2:23-cv-00397 |

**Plaintiffs**

v.

**DARWIN NATIONAL ASSURANCE COMPANY**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

and

**ALLIED WORLD SPECIALITY INSURANCE COMPANY**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**Defendants**

**CERTIFICATE OF SERVICE**

    I, Sean P. Mahoney, hereby certify that on February 3, 2023, a true and correct copy of the foregoing Motion to Dismiss and accompanying Memorandum of Law in Support has been filed with the Clerk for the United States District Court for the Eastern District of Pennsylvania and is available for viewing and downloading on the ECF system.

                        **KENNEDYS CMK LLP**

By:   */s/ Sean P. Mahoney*
       Sean P. Mahoney (PA Bar I.D. 90313)
       Eileen M. Bradley (PA Bar I.D. 926457)
       1600 Market Street, Suite 1410
       Philadelphia, PA 19103
       Phone: 267-479-6700
       Sean.Mahoney@kennedyslaw.com
       Eileen.Bradley@kennedyslaw.com

       *Attorneys for Defendant,*
       *Allied World Specialty Insurance Company f/k/a*
       *Darwin National Assurance Company*

Dated:  February 3, 2023