IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **D'ANGELO & EURELL,** *et al.*, | : CIVIL ACTION |
| Plaintiffs, | : No. 2:23-cv-00397 |
| v. | : |
| **ALLIED WORLD SPECIALTY INSURANCE COMPANY,** et *al.,* | : |
| Defendant. | : |

## MOTION OF DEFENDANT ALLIED WORLD SPECIALTY INSURANCE COMPANY TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, Defendant Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied World") hereby moves this Court to enter the attached Order dismissing Plaintiffs' Amended Complaint and any and all causes of action asserted against Allied World with prejudice because this Court lacks subject matter jurisdiction over this dispute.

As discussed further in the accompanying Memorandum of Law incorporated by reference herein, Plaintiffs have acknowledged that Plaintiff "D'Angelo & Eurell" is not an extant legal entity.  This admission has two consequences that imperil this Court's jurisdiction: (1) Plaintiff "D'Angelo & Eurell" has no legal standing to sue Allied World, which means that there is no actual case or controversy between Plaintiffs and Allied World; and (2) the Allied World Policy, pursuant to which all Plaintiffs base all of their causes of action,  is void *ab initio*, since (i) "D'Angelo & Eurell," the purported "Named Insured" that allegedly contracted with Allied World, does not legally exist; and (ii) pursuant to Condition R of the policy, the policy is void *ab initio* inasmuch as Plaintiffs obtained it via false and misleading representations to Allied World that "D'Angelo & Eurell" was actually an existing law firm, and that David D'Angelo, George

D'Angelo and John Eurell were partners and/or employees of "D'Angelo & Eurell." Therefore, since the policy is void *ab initio,* all Plaintiffs lack standing to sue Allied World, and there is no actual case or controversy before the Court.

Accordingly, the Court must dismiss Plaintiffs' Amended Complaint and all causes of action asserted against Allied World in this matter with prejudice for lack of subject matter jurisdiction.

Furthermore, in light of the critical importance of the Court's potential lack of subject matter jurisdiction over the entirety of this dispute, and inasmuch as the trial of this matter is presently scheduled for June 9, 2025, Allied World respectfully requests that the Court require Plaintiffs to file any response to this Motion within seven (7) days in lieu of the standard fourteen (14) days. *See* Local Civil Rule 7.1(c) (permitting the Court to adjust the time to file responses to motions).

        Respectfully submitted,

        **KENNEDYS CMK LLP**

DATE: May 28, 2025        By: */s/ Sean P. Mahoney*
        Sean P. Mahoney, Esquire
        Michael E. DiFebbo, Esquire
        Eileen Bradley, Esquire
        1600 Market Street | Suite 1401
        Philadelphia, PA 19103
        (267) 479-6708
        (267) 479-6713
        (267) 479-6702
        Sean.Mahoney@kennedyslaw.com
        Michael.DiFebbo@kennedyslaw.com
        Eileen.Bradley@kennedyslaw.com

        *-and-*

        **WHITE AND WILLIAMS LLP**

        Edward M. Koch, Esquire
        Mark Paladino, Esquire

3

        1650 Market Street | Suite 1700
        Philadelphia, PA 19103
        (215) 864-6319
        (215) 864-6817
        koche@whiteandwilliams.com
        paladinom@whiteandwilliams.com

        *Attorneys for Defendant*
        *Allied World Specialty Insurance*
        *Company*